IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    RESPONDENT

v.                              No. 6:22-cr-60033-SOH-BAB-1

TRAVIS LEE INGRAM                                                                                   MOVANT

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is **TRAVIS LEE INGRAM'S ("Ingram"),** Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 34.  The United States filed a Response on April 3, 2024. ECF No. 37.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court finds no evidentiary hearing is required.[1] The Court has reviewed the Motion and Response, and based upon that review, the Court recommends the Motion (ECF No. 34) be **DENIED**.

**I.      PROCEDURAL BACKGROUND[2]**

On September 21, 2022, Ingram was named in a three-count Indictment filed in the Western District of Arkansas. ECF No. 1. Count One charged Ingram with theft of government funds; Count Two charged him with a material false statement; and Count Three charged him with concealment of a material fact. *Id.* At his initial appearance on October 26, 2022, Alex Wynn was appointed to represent Ingram. ECF No. 15.

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

[2] The "Procedural Background" is taken from the pleadings and publicly filed documents in this case.

On January 26, 2023, Ingram appeared before the Honorable Susan O. Hickey for a change of plea hearing. ECF No. 22. A written plea agreement was presented to the Court setting forth Ingram's agreement to plead guilty to Count One of the Indictment charging him with theft of government funds. *Id.* In the plea agreement, Ingram admitted he began receiving Social Security Income Disability ("SSID") in 2013; that in 2018, he married and began cohabitating with Angela Bovee; that despite being notified of his obligation to report a marriage or change in household resources, composition, or marriage, he did not notify the Social Security Administration of is marriage or cohabitation; that he failed to report these changes because he knew they would affect his SSID benefits; that he knowingly received SSID benefits for which he was not eligible; and the total resulting loss was $27,912.00. *Id.* ¶ 2. Ingram specifically acknowledged he owed restitution in the amount of $27,912.00 to the Social Security Administration and restitution would be ordered regardless of his financial resources. *Id.* ¶ 11.

Ingram's wife Angela Bovee was charged in a separate criminal Indictment filed on September 21, 2022, in case number 6:22-cr-600034 ("Bovee Case"). She was charged with the same charges as Ingram. Bovee Case, ECF No. 1. Bovee pled guilty to theft of government funds on January 26, 2023, admitted she had been receiving her own SSID benefits since 2011 and after marrying Ingram in 2018, she never notified the Social Security Administration of the marriage or cohabitation. Bovee Case, ECF No. 22 ¶ 2a-b. Bovee also admitted she knowingly received SSID benefits for which she was not eligible and her restitution totaled $27, 912. *Id.* ¶ 2e.

On April 10, 2023, the Probation Office issued Ingram's Final Presentence Investigation Report ("PSR"). ECF No. 26. Ingram's total offense level was set at 8, and he was assessed with a criminal history category of II, resulting in a guideline imprisonment range of 4-10 months. *Id.* ¶ 96. Restitution was listed as $27,912.00 owed to SSA. *Id.* ¶ 117. There were no objections to the PSR. ECF No. 26-1.

Ingram's sentencing proceeding was conducted on October 31, 2023, before the Honorable Susan O. Hickey. ECF No. 31. At sentencing, Ingram stated under oath he was satisfied with his counsel, and he was thereafter sentenced to four (4) months in the Bureau of Prisons with credit for any federal time already served to be followed by two (2) years supervised release. He was ordered to pay restitution in the amount of $27, 912.00 with interest waived. *Id.*

## II. APPLICABLE LAW

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## III. DISCUSSION

In the instant § 2255 motion, Ingram asks the Court for the following relief: "First the restitution for both my wife and myself should total the amount the Government was seeking, and second the amount should reflect the actual loss". ECF No. 34, p. 12. He specifically describes the ground for this relief as follows:

> GROUND ONE: Two people were charged with the same crime and same amount of restitution doubling the alleged loss…
>
> Both my wife and myself were charged with the same crimes for Theft of Government Funds, and ordered to pay restitution for the amount of $28,012.00 [the actual amount of restitution ordered was $27,012.00, *see* ECF No. 32, p. 6], which would double what the Government was trying to recover.

> The defense counsel was ineffective in providing assistance for my defense as provided for by the Constitution of the United States. Defense counsel should have objected to charging both Defendants in this case with the full amount that the Government was seeking.

*Id.* p. 4. In this case Ingram is challenging the restitution portion of his sentence, not his imprisonment. In fact, the Bureau of Prisons searchable inmate locator reflects Ingram was released from custody on March 25, 2024.[3]

Title 28 U.S.C. § 2255(a) states:

> [a] prisoner in custody under sentence…claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In *United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003), the Eighth Circuit held a federal prisoner could not challenge the restitution portion of his sentence using § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody. *See also, Shephard v. United States,* 735 F.3d 797, 798 (8th Cir. 2013).

Because Ingram's sole basis of the instant § 2255 motion for relief relates to the amount of restitution and not his release from custody, his motion must be denied.

### IV. CONCLUSION

Accordingly, the Court recommends Ingram's § 2255 Motion to Vacate, Set Aside or Correct Sentence (ECF No. 34) be **DENIED.** The Court further recommends no Certificate of Appealability issue in this matter.[4]

---

[3] https://www.bop.gov/inmateloc//

[4] A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012). Ingram has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issue deserve further proceedings.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court**. *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this 12th **day of April 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE